

FILED _____ LODGED
_____ RECEIVED

DEC 10 2019

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF WASHINGTON, *ex rel.* JOHN OR JANE DOE, an individual,<br><br>　　　　　　　　　Relator,<br><br>v.<br><br>DEFENDANTS,<br><br>　　　　　　　　　Defendants. | NO. CV19 6181 RBL<br><br>QUI TAM COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT AND THE WASHINGTON STATE MEDICAID FRAUD FALSE CLAIMS ACT<br><br>FILED IN CAMERA<br>FILED UNDER SEAL<br>DO NOT PLACE IN PRESS BOX |

QUI TAM COMPLAINT - 1 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WASHINGTON, ex rel. MICHAEL BIDUS, M.D., Relator, <br><br> v. <br><br> FRANCISCAN HEALTH SYSTEM, a Washington Corporation d/b/a CHI FRANCISCAN, and FRANCISCAN MEDICAL GROUP, a Washington Corporation, <br><br> Defendants. | **CV19 6181** RBL <br><br> QUI TAM COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT AND THE WASHINGTON STATE MEDICAID FRAUD FALSE CLAIMS ACT <br><br> FILED IN CAMERA <br> FILED UNDER SEAL <br> DO NOT PLACE IN PRESS BOX |

QUI TAM COMPLAINT - 2 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## I. JURISDICTION AND VENUE

1. This Complaint asserts claims for violation of the False Claims Act, 32 U.S.C. § 3729, 3730 and Washington Medicaid Fraud False Claims Act. This Court has jurisdiction over these matters pursuant to federal law, including 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2. Pursuant to 31 U.S.C. § 3730 and RCW 74.66.050, Dr. Bidus served a copy of the *qui tam* complaint and a written disclosure of all material evidence and information Dr. Bidus possesses on the government. This disclosure statement is supported by material evidence known to the *qui tam* Relator at the time of this filing, establishing the existence of Defendants' false claims. Because the statement includes attorney-client communications and work-product of the *qui tam* Relator's attorneys, and is submitted to the government and its counsel in their capacity as potential co-counsel in this litigation, the Relator understands this disclosure to be confidential.

## II. PARTIES

3. *Qui tam* Relator, Michael Bidus, M.D., brings this action on behalf of the United States, the State of Washington and himself to recover damages and penalties under the Federal False Claims Act and the Washington Medicaid Fraud False Claims Act (collectively, "FCA") from Franciscan Health System and Franciscan Medical Group.

4. Michael Bidus, M.D. is Washington resident.

5. The United States is a government body and plaintiff to this action.

6. The State of Washington is a government body and plaintiff to this action, which it brings on behalf of the State of Washington's Department of Health and Human Services ("DSHS") and the Washington State Healthcare Authority.

QUI TAM COMPLAINT - 3 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

7. Franciscan Health System (hereinafter referred to as "CHI") is a Washington corporation, UBI Number 278002934, doing business as CHI Franciscan and doing business in Pierce County, Washington.

8. Franciscan Medical Group is a Washington corporation, UBI Number 601930162, doing business in Pierce County, Washington.

9. In the event the United States or the State of Washington pursues its claims under alternate remedy theories, *qui tam* Relator shall have the same rights in the proceeding as the *qui tam* relator would have had if the action had continued under the Federal False Claims Act or the Washington Medicaid Fraud False Claims Act.

### III.   FACTUAL ALLEGATIONS

10. Dr. Bidus is the Regional Medical Director of Gynecologic Specialties for CHI in Tacoma, Washington. Dr. Bidus is employed by a related corporate entity, Franciscan Medical Group ("FMG"), and has performed services as a Gynecological Oncologist for CHI since September of 2014.

11. Dr. Bidus is a 1990 graduate of the United States Naval Academy in Annapolis, Maryland. In 1994, Dr. Bidus received his Doctorate of Medicine from Georgetown University School of Medicine in Washington, D.C.

12. Dr. Bidus was initially hired to perform work for CHI in the fall of 2014.

13. At the inception of his employment, Dr. Bahman Saffari told Dr. Bidus, in passing, that his wife did his medical billings for him. This was later repeated by Dr. Saffari's spouse, who is not an employee of CHI.  New at the organization and previously working in the military setting without similar billing requirements, this did not register as significant to Dr. Bidus at the time.

QUI TAM COMPLAINT - 4 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

14. Shortly after his hire, Dr. Bidus was asked by Dr. Eve Cunningham, the Women's Service Line Chief, to review an independent audit of Dr. Bahman Saffari's practice. This audit was triggered because of the volume of billings occurring through Dr. Saffari's practice.

15. The audit flagged a significant number of Dr. Saffari's cases. Dr. Bidus concurred with the assessment of the auditor as presented in the audit. Dr. Bidus presented the audit to Dr. Saffari as required by CHI. As Medical Director, Dr. Bidus would have and should have known if any further action was ever taken based on the results of this audit and to his personal knowledge, there was no internally initiated periodic peer review of Dr. Saffari's cases for surgical appropriateness or for appropriate billing.

16. For the next two years, Dr. Bidus, on a weekly basis, would operate in the same institution on the same day as Dr. Saffari. Dr. Bidus was also covering Dr. Saffari's patients while on call. The two shared call with a fairly even 50/50 split. Over this time, Dr. Bidus noticed that Dr. Saffari's surgical practices were different from his own. Both are Gynecologic Oncologists and generally should have the same patient mix and perform generally the same surgical procedures over time. However, Dr. Saffari often performed an additional surgical procedure during robotic hysterectomies that Dr. Bidus very rarely performed. Dr. Bidus also noticed that Dr. Saffari billed for this procedure. This procedure was peritoneal biopsy, billing CPT code 58662. Many of these additional procedures were medically unnecessary or unindicated.

17. Also, Dr. Saffari would almost always perform pelvic lymph node dissections on patients with endometrial cancer, without clear regard to whether the lymph node dissections were indicated. The standard of care requires that an intraoperative assessment of risk of lymph node metastasis be applied during surgery

QUI TAM COMPLAINT - 5 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

and then lymph nodes should only be removed in patients who meet the risk stratified criteria. However, Dr. Saffari performed node dissections on most of his patients. Additionally, his operative notes did not typically reflect detail in the findings to justify that node dissections were required.

18. On or about late 2017, Dr. Alison Ziari became the new Director for Surgical Services for Pierce County. At the time, Mary Anderson and Rosanne Richards were integrally involved in clinical operations for the Gynecological Oncology clinic for Dr. Bidus and Dr. Saffari. Dr. Bidus reported to both Anderson and Richards multiple times over the months regarding his concerns about billing fraud with Dr. Saffari, as well as his concerns that inappropriate procedures were being performed.

19. In 2018, Dr. Bidus also informed his supervisor Dr. Ziari directly and in person, of his concerns regarding these billing irregularities. Dr. Bidus also informed Brittany Crab, an Operations Administrator who directly works in the Operations side of CHI. Yet, over the course of the next year, there was no feedback or follow-up regarding these issues and so Dr. Bidus continued to express his concerns about fraud and inappropriate medical care.

20. In the summer of 2019, Dr. Bidus again addressed the fraud issue with Dr. Ziari and specifically and directly asked what was being done regarding the investigation into Dr. Saffari's care and billing practices. It was a particularly tense meeting. Dr. Bidus was directed to stay out of Dr. Saffari's patient charts unless he had specific medical reasons to be in the record. Dr. Bidus was also directly told that he should not inquire further, that Dr. Saffari's billing practices were not his concern and that he was not entitled to know or be informed about what, if anything, was being done in this regard.

QUI TAM COMPLAINT - 6 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

21. In September 2019, while on call taking care of one of Dr. Saffari's hysterectomy patients, Dr. Bidus observed that Dr. Saffari performed a lymph node dissection on the patient. As he read the operative report, Dr. Bidus found that the operative report specifically mentioned that the initial pathology review during the surgery showed that there was no cancer present in the uterus. Nevertheless, even with this information, Dr. Saffari still performed and billed for a node dissection. Dr. Bidus immediately communicated concerns about this specific patient to Dr. Ziari and again expressed his concerns about patient care and fraud.

22. At the end of October 2019, Rosanne Richards, from Clinical Operations approached Dr. Bidus and reported that while reviewing financial and operational reports, there were several concerning practice patterns regarding Dr. Saffari's practice. Dr. Bidus learned that CHI has generated a report showing that from January 1, 2018 to September 30, 2018, Dr. Saffari had 415 surgical consults in which he directly took care of the patients. Of those 415 consults, Dr. Saffari operated on 403 of the consults.

23. Also at the end of October 2019, Dr. Bidus learned that Dr. Saffari was routinely performing pelvic ultrasounds in the office and billing for these ultrasounds. As an oncology practice, nearly all of their patients come to the clinic as referrals with the vast majority of the patients already having had imaging studies performed, and therefore, the imaging studies were without a reasonably necessary medical purpose and billed without a proper basis.

24. Dr. Bidus reported these events to his employer over the last several years. Beyond performing medically unnecessary and unjustified procedures with a lack of documentation to support these actions, Dr. Saffari was also aggressively acting to maximize the routing of referrals to his specific practice and as a consequence resulted

QUI TAM COMPLAINT - 7 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

in a reduced number of referrals for Dr. Bidus. After informing CHI of the events outlined in this letter, CHI froze Dr. Bidus' pay for several months so that it would not continue to decrease as a result of the disproportionate referrals away from Dr. Bidus. However, Dr. Saffari learned of these events and sought a meeting with CHI CEO Ketul J. Patel and was later granted a meeting with COO Ian Worden. Following this meeting and in retaliation for Dr. Bidus' internal reporting, investigation, and opposition to fraud, CHI informed Dr. Bidus that the freeze to maintain his income was being removed.

25. CHI does not have or implement any meaningful anti-fraud polices or procedures. The situations outlined here include the particular details of a scheme to submit false claims. CHI has created an environment for false billing and inappropriate medical procedures and has allowed these practices to continue without recourse in other areas of patient care.

26. Dr. Bidus has sustained and continues to sustain economic and non-economic damages, including emotional distress as a result of these unlawful actions.

27. The Medicare program ("Medicare") is a health care program established under the Social Security Act to provide health care insurance coverage for services for persons who are 65 years and older or are disabled.

28. The Medicaid program ("Medicaid") was a health care program established under the Social Security Act and provides coverage to low-income individuals and is jointly funded by the state and federal government.

29. A substantial number of the patients serviced by CHI in the context of this complaint are covered by government health programs such as Medicare and Medicaid.

QUI TAM COMPLAINT - 8 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

The billings for unnecessary procedures and inappropriate healthcare were submitted to insurance, including Medicare and Medicaid.

30. Federal law provides that:

> (31) Liability for certain acts.—(1) In general.—Subject to paragraph (2), any person who—(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), €, (F), or (G);
>
> . . . .
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-4101), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729 (1).

31. RCW 74.09.210(1) provides:

> No person, firm, corporation, partnership, association, agency, institution, or other legal entity, but not including an individual public assistance recipient of health care, shall, on behalf of himself or others, obtain or attempt to obtain benefits or payments under this chapter in a greater amount than that to which entitled by means of: (a) A willful false statement; (b) By willful misrepresentation, or by concealment of any material facts; or (c) By other fraudulent scheme or device, including, but not limited to: (i) Billing for services, drugs, supplies, or equipment that were unfurnished, of lower quality, or a substitution or misrepresentation of items billed; or (ii) Repeated billing for purportedly covered items, which were not in fact so covered.

QUI TAM COMPLAINT - 9 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

32. RCW 74.09.20(2) provides:

> Any person or entity knowingly violating any of the provisions of subsection (1) of this section shall be liable for repayment of any excess benefits or payments received, plus interest at the rate and in the manner provided in RCW 43.20B.695. Such person or other entity shall further, in addition to any other penalties provided by law, be subject to civil penalties. The director or the attorney general may assess civil penalties in an amount not to exceed three times the amount of such excess benefits or payments: PROVIDED, That these civil penalties shall not apply to any acts or omissions occurring prior to September 1, 1979. RCW 43.20A.215 governs notice of a civil fine assessed by the director and provides the right to an adjudicative proceeding.

### IV. FIRST CAUSE OF ACTION: VIOLATIONS OF FEDERAL FCA

33. Dr. Bidus incorporates the allegations set forth in the preceding paragraphs as though fully stated in this Paragraph.

34. Defendants violated federal law by knowingly presenting and/or causing to be presented, false or fraudulent claims for payment or approval and knowingly making, using and/or causing to be used false records or statements material to false or fraudulent claims as well as conspiring to commit these actions.

35. These acts include, but are not limited, to the unnecessary medical procedures of peritoneal biopsies without appropriate justification, lymph node dissections without appropriate justification, pelvic ultrasounds without appropriate justification and related medical billings.

36. These unnecessary and unjustified procedures were billed to various insurers including Medicare and Medicaid.

### V. SECOND CAUSE OF ACTION: VIOLATIONS OF THE WASHINGTON MEDICAID FRAUD FCA

37. Dr. Bidus incorporates the allegations set forth in the preceding paragraphs

QUI TAM COMPLAINT - 10 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

as though fully stated in this Paragraph.

38. Defendants violated Washington law by knowingly presenting and/or causing to be presented, false or fraudulent claims for payment or approval and knowingly making, using and/or causing to be used false records or statements material to false or fraudulent claims as well as conspiring to commit these actions.

39. These acts include, but are not limited to, the unnecessary medical procedures of peritoneal biopsies without appropriate justification, lymph node dissection without appropriate justification, pelvic ultrasounds without appropriate justification and related medical billings.

40. These unnecessary and unjustified procedures were billed to various insurers including Medicare and Medicaid.

## VI.   THIRD CAUSE OF ACTION: EQUITABLE COMMON FUND DOCTRINE

41. Dr. Bidus incorporates the allegations set forth in the preceding paragraphs as though fully stated in this Paragraph.

42. By reporting misconduct to the government, Dr. Bidus helped create, discover, increase, or preserve a common fund for the benefit of himself and others. Dr. Bidus is, therefore, entitled to recover litigation costs and attorneys' fees from that fund.

## VII.   FOURTH CAUSE OF ACTION: VIOLATIONS OF 31 U.S.C. § 3730(h) AND RCW 74.66.090

43. Dr. Bidus incorporates the allegations set forth in the preceding paragraphs as though fully stated in this Paragraph.

QUI TAM COMPLAINT - 11 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

44. 31 U.S.C. § 3730(h) prohibits discrimination and retaliation against "[a]ny employee, contractor, or agent" because such individual has acted "in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."

45. RCW 74.66.090 affords similar protection.

46. Defendants discriminated and/or retaliated against Dr. Bidus in violation of 31 U.S.C. § 3730(h) and RCW 74.66.090 because he engaged in conduct to stop its violations of the Federal FCA and the Washington Medicaid FCA.

47. Under 31 U.S.C. § 3730(h) and RCW 74.66.090(2), Dr. Bidus is therefore entitled to two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the unlawful conduct, including litigation costs and reasonable attorneys' fees, and any and all relief available under RCW 49.30.030(2).

## VIII. PRAYER FOR RELIEF

Wherefore, Relator requests the following relief on behalf of the United States, the State of Washington and for himself and his attorneys:

A. That the Court (1) enter judgment against Defendants because of the conduct that violated the Federal FCA and the Washington State Medicaid FCA, (2) impose a civil penalty for each action in violation of federal and state law, (3) award the cost of this action, with interest, including the cost to the government for its expenses related to this action, plus (4) award reimbursement for any excess benefits or payments received, and with interest calculated thereon at the rate and in the manner provided by law; and

QUI TAM COMPLAINT - 12 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

B.   That in the event the United States and the State of Washington proceed with this action, that Relator be awarded an amount for bringing this action of 25% of the proceeds of the action or the settlement of any such claim; and

C.   In the event the United States or the State of Washington does not pursue this action, that Relator be awarded an amount for collecting civil penalty damages of 30% of the proceeds of this action in the sum of a claim; and

D.   The Relator be awarded damages as authorized by 31 U.S.C. § 3730(h) and RCW 74.66.090; and

E.   That Relator be awarded all costs, attorneys' fees, and litigation expenses under state and federal law; and

F.   That the United States, the State of Washington and the Relator receive all relief, both at law and in equity, to which they are entitled.

Dated this 10th day of December, 2019.

GORDON THOMAS HONEYWELL LLP

By: _____
James W. Beck, WSBA No. 34208
jbeck@gth-law.com
Salvador A. Mungia, WSBA No. 14807
smungia@gth-law.com
Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
Janelle E. Chase Fazio, WSBA No. 51254
jchasefazio@gth-law.com
Attorneys for Plaintiffs

QUI TAM COMPLAINT - 13 of 13
[4817-4979-8574]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565