UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL BIDUS,

            Plaintiff,

  v.

FRANCISCAN MEDICAL GROUP,

            Defendant.

C19-6181 TSZ

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

      (1)    Defendant's Motion to Compel Arbitration, docket no. 31, is GRANTED. The Federal Arbitration Act (FAA) provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Both federal and Washington state law manifest a strong policy favoring arbitration agreements. See *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 341 n.4, 103 P.3d 773 (2004); *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). In interpreting an arbitration agreement, the court generally will apply "ordinary state-law principles that govern the formation of contracts." *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 920 (9th Cir. 2011) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The court must determine whether a valid agreement to arbitrate exists and whether the agreement to arbitrate encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the court determines that "the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* In this case, Plaintiff brings claims against Defendant for retaliation in violation of the federal False Claims Act and Washington's Medicaid Fraud False Claims Act. Am. Compl. at ¶¶ 12–15 (docket no. 29). Plaintiff entered into

MINUTE ORDER - 1

employment agreements with Defendant in 2017 and 2020 (the "Agreements"). *See* Exs. 1 & 2 to Root Decl. (docket no. 32). The Agreements contain identical arbitration provisions. *Id.* The parties do not dispute that the arbitration provisions in the Agreements are valid. Instead, Plaintiff argues that his retaliation claims fall outside the scope of the arbitration provisions because he prays for equitable relief. This argument lacks merit. Section C.6 of the 2017 and 2020 Agreements excludes from arbitration any claims "for equitable relief alone." Ex. 1 to Root Decl. (docket no. 32 at 16); Ex. 2 to Root Decl. (docket no. 32 at 38). However, Plaintiff's claims are not for equitable relief alone because he also seeks judgment against Defendant for monetary damages. *See* Am. Compl. at § VI (docket no. 29). Therefore, the Court concludes that Plaintiff's retaliation claims shall be ARBITRATED because they fall within the scope of the Agreements.[1]

(2)     Defendant's Motion to Dismiss, docket no. 31, is DENIED. The Court STAYS this action pending the outcome of arbitration pursuant to 9 U.S.C. § 3. *See Ekin v. Amazon Servs., LLC*, 2015 WL 11233144, at *1 (W.D. Wash. Feb. 10, 2015) (noting that the Ninth Circuit has "expressed a strong preference that arbitrable cases be stayed rather than dismissed").

(3)     The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the completion of arbitration.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 23rd day of February, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

---

[1] Plaintiff also argues that his retaliation claims are excluded from arbitration under the 2020 Agreement's "pending litigation" exception. This argument is unpersuasive and would lead to an inequitable result. Plaintiff initiated this action on December 10, 2019, when he filed under seal a qui tam complaint against Defendant and Franciscan Health System. *See* Compl. (docket no. 1). At that time, the arbitration provision in Plaintiff's 2017 Agreement required him to arbitrate his retaliation claims against Defendant. When Plaintiff signed the 2020 Agreement on July 18, 2020, this action remained under seal. *See* Ex. 1 to Root Decl. (docket no. 32 at 11). Defendant did not receive notice of Plaintiff's retaliation claims until this action was unsealed in October 2021. *See* Order (docket no. 16). Defendant then moved to compel arbitration in accordance with the Agreements.

MINUTE ORDER - 2